# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| HENRY DINWIDDIE, Register No. 316359, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4309-CV-C-NKL |
| | ) | |
| DENNIS CRANE, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Henry Dinwiddie, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]  Named as defendants are Sheriff Dennis Crane and Missouri State Highway Patrol Trooper John Doe.

Plaintiff complains that defendants failed to provide him with proper emergency medical care following an accident.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs.  28 U.S.C. § 1915(a).  Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).  The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff does not identify the injuries he suffered or the results of delayed treatment.  Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, ___ U.S. ___. ___, 127 S. Ct. 1955, 1965 (2007).

Plaintiff has failed to set forth any information about the injuries he received. To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

On February 2, 2009, plaintiff filed a motion for appointment of counsel. It is the practice of this court to provisionally file complaints with requests for leave to proceed in forma pauperis. If the plaintiff is not indigent, or the complaint is frivolous, malicious or fails to state a claim for relief, in forma pauperis status may be denied.

Case 2:08-cv-04309-NKL   Document 9   Filed 03/05/09   Page 2 of 3

It is also the practice of this court not to appoint counsel for plaintiffs until in forma pauperis status has been granted. Then, counsel is appointed only when, in the court's discretion, it is appropriate.

THEREFORE, IT IS ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [7] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted, unless plaintiff files, within twenty days, an amended complaint setting forth his injuries and some basis for believing that defendants knew of his injuries and deliberately refused to take appropriate steps to deal with them.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 5th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3