IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| HENRY DINWIDDIE, Register No. 316359, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4309-CV-C-NKL |
| | ) | |
| DENNIS CRANE, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 5, 2009, United States Magistrate Judge William A. Knox recommended dismissing plaintiff's claims, unless plaintiff filed an amended complaint curing the noted defects. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

A de novo review of the record, including the exceptions and amended complaint filed by plaintiff on March 25, 2009, convinces the court that the recommendation of the Magistrate Judge is correct with respect to Missouri State Highway Patrol Trooper, Badge Number 0733, and the recommendation should be adopted, in part.

Plaintiff's amended complaint states defendant Crane delayed treatment for four days, and then denied plaintiff the medication prescribed by a physician following an automobile accident. Plaintiff asserts he was in pain and continues to have problems caused by the accident. Plaintiff was examined, X-rayed four days following the accident, and prescribed pain medications. Plaintiff does not state he suffered any lacerations, broken bones or was diagnosed with other serious problems. Nevertheless, he was denied the prescribed pain medication and alleges he had serious pain. Although these allegations may not be sufficient to withstand a motion to dismiss, they are adequate to allow plaintiff to proceed at this stage.

Plaintiff's claim against the Highway Patrol Trooper, however, will be dismissed. Plaintiff indicates he asked the trooper, who arrested him following the accident, to take him to the hospital for treatment. Plaintiff does not indicate he had any obvious injuries or exhibited

any behavior which would put the trooper on notice that immediate medical treatment was required, or which would show that the trooper was deliberately indifferent to plaintiff's serious medical needs.

To succeed on medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). This requires a showing 1) that the medical deprivation was objectively sufficiently serious; and 2) that the officer subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. Coleman v. Rahija, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)); see also Beyerbach v. Sears, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d at 1326 (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).

IT IS, THEREFORE, ORDERED that the recommendation of March 5, 2009, is adopted, in part, and plaintiff's claims against John Doe Missouri Highway Patrol Trooper, Badge Number 0733, are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis on his medical claim against Sheriff Dennis Crane. It is further

ORDERED that the clerk of court forward appropriate process forms to plaintiff. It is further

ORDERED that within twenty days, plaintiff return the completed summons and service forms showing the address where defendant Crane may be served. It is further

ORDERED that upon receipt of the completed forms, the clerk of court deliver the summons and complaint to the United States Marshal for service of process. It is further

ORDERED that the United States Marshal attempt service of process in accord with Fed. R. Civ. P. 4(e)(1), if mail service is attempted, or if mail service cannot be effected, by personal service under Fed. R. Civ. P. 4(e)(2). It is further

ORDERED that defendant Crane answer or otherwise respond, pursuant to Rules 4 and 12, Federal Rules of Civil Procedure, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendant is granted leave to depose plaintiff at his place of incarceration.

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: June 1, 2009
Jefferson City, Missouri